HENRY A. CHAPIN *et al.*

*v.*

ALICE J. CROW.

*Filed at Mt. Vernon October 27, 1893.*

1. REMAINDER—*contingent not favored.* The rule is well established that contingent remainders are not favored. Unless it is manifest that a contrary result was intended, the estate created will be regarded as vested, and not contingent; but effect must be given to the language employed, and if an estate upon contingency is created it must be so declared.

2. SAME—*vested, defined.* Vested remainders (or remainders executed, whereby a present interest passes to the party, although to be enjoyed *in futuro*,) are when the estate is invariably fixed, to remain to a determinate person after the particular estate is spent.

3. SAME—*contingent, defined.* Contingent remainders (whereby no present interest passes) are where the estate in remainder is limited, to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect.

4. If land is given to A for life, and in case B survives him then with remainder to B in fee, during the joint lives of A and B, the remainder will be contingent, and if B die first it can never vest in his heirs but is forever gone, but if A dies first the remainder to B will become vested.

5. SAME—*grant construed as creating contingent remainder.* A deed conveyed real estate to A and his assigns during his natural life, and upon his death then unto his sons, B and C, of the second part, "to their heirs and assigns forever, in equal parts, if they shall both survive the said A, but if either of said sons shall die without issue him surviving, then the survivor shall take all the said property hereby conveyed, but if one of said sons shall die leaving issue, then one moiety to the survivor, and the other moiety, in equal parts, to the children of the deceased :" *Held,* that the estate in the sons was contingent upon their surviving the life tenant, or, if one of them should die and not the other, that the deceased son should have died without issue.

6. SAME—*deed creating a vested remainder.* Where a deed is made conveying land to A and his assigns for and during his natural life, and upon his death then to A's two sons, parties of the second part, to their heirs and assigns forever, in equal parts, and stops there, the two sons will take a vested remainder as tenants in common. Such would be the case even if the words "in equal parts" were not used.

7. If the deed proceeds further, as follows : "But if either of said sons shall die without issue him surviving, then the survivor shall take all the said property hereby conveyed, but if one of said sons shall die leaving issue, then one moiety to the survivor, and the other moiety, in equal parts, to the children of the deceased," it will mean that if one of the sons shall die leaving issue before the vesting of the estate in possession,—that is, before the termination of the intermediate estate,—then the moiety that would have vested in him had he lived is granted to his children, and the term "children" will be a word of purchase.

8. CONVEYANCE—*word "children" in deed.* The term "children," in its natural sense, is a word of purchase, and when used in a deed will be taken to have been so used, unless controlled and limited by other expressions in the instrument showing it was intended as a word of limitation.

9. Where a remainder is conveyed to the two sons of the life tenant, and the deed provides that if either of the sons shall die without issue the survivor shall take the whole, but if one of them shall die leaving issue then one moiety shall go to the survivor and the other half to the children of the deceased, the children of the son dying before the termination of the precedent estate will take, not as heirs of the son dying, but as grantees in the deed.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a bill for specific performance, filed April 21, 1892, by Alice J. Crow, against appellants, in which it is alleged that complainant sold to appellants, and they agreed to purchase, at the price of $8250, certain lands. The contract of sale was reduced to writing, signed by the parties, which recited that $500 of the consideration had been paid as earnest money, and appellants contracted to pay the further sum of $7750 upon the making of a good and sufficient deed, conveying to them "a good and merchantable title to said premises." It is stipulated that the vendor shall convey a good and merchantable title, subject to certain leases, etc., and shall furnish an abstract brought down to date, showing such title. It is then provided that the purchaser, within ten days after receiving the abstract, shall deliver a note or memorandum of objections to the title, if any, etc., and if material objections are found,

not cured within thirty days after notice, the contract to be void, at the option of the purchaser, etc. The cause was heard on bill, answer and proofs, and a decree entered according to the prayer of the bill.

Messrs. WILSON, MOORE & McILVAINE, for the appellants.

Mr. H. F. WHITE, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The question presented is, whether, by the deed to the Warringtons, the sons took a vested estate in remainder after the death of their father. If they did, it is conceded appellee had a merchantable title, and the decree was properly entered. The three, Henry, George and James Warrington, joined in a warranty deed to appellee's grantor, and the question is whether that conveyed a perfect title.

The deed calling for construction was made by Horatio L. Wait and wife to Henry Warrington, George Warrington and James Warrington, parties of the second part, and purported to convey the premises in question to the "said Henry Warrington and his assigns, for and during the natural life of the said Henry Warrington, and upon his death then unto his sons, the said George Warrington and James Warrington, of the second part, to their heirs and assigns forever, in equal parts, if they shall both survive the said Henry Warrington, but if either of said sons shall die without issue him surviving, then the survivor shall take all the said property hereby conveyed, but if one of said sons shall die leaving issue, then one moiety to the survivor, and the other moiety, in equal parts, to the children of the deceased." *Habendum:* "To have and to hold, all and singular, the above mentioned and described premises, together with the appurtenances, in conformity with and in pursuance of the conditions of the afore mentioned grant."

It will not be necessary, in this case, to discuss at length the doctrine of remainders, however interesting that might be. It should, however, be remarked, that the rule is well established that contingent remainders are not favored, and unless, from the language of the instrument, it is manifest that a contrary result was intended, the estate will be regarded as vested, and not contingent. It is, however, equally well settled that effect must be given to the language employed, and if an estate upon contingency is created it must be so declared.

"Vested remainders (or remainders executed, whereby a present interest passes to the party, although to be enjoyed *in futuro,*) are where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent." (2 Blackstone's Com. 168.) Or, as said by Kent, (4 Com. 202) : "A remainder is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment. * * * A vested remainder is an estate to take effect in possession after a particular estate is spent." For though it may be uncertain whether a remainder will ever take effect in possession, it will nevertheless be a vested remainder if the interest is fixed. It is the present *capacity* of taking effect in possession, if the possession were to become vacant, that distinguishes a vested from a contingent remainder. In cases of vested remainders a present interest passes to a determinate and fixed person or class of persons, to be enjoyed in the future.

"Contingent or executory remainders (whereby no present interest passes) are where the estate in remainder is limited, to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect." (2 Blackstone's Com. 169.) "It is," says Mr. Preston, (p. 74,) "not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the difference between an interest which is vested and one

which is contingent. It is, in one case, the certainty and fixed right of having the enjoyment at the time when the possession shall fall, and in the other case the uncertainty of having this right at that time, which are universally the characteristics and distinguishing features,—the former instance of a *vested estate,* and, in the latter instance, an interest in *contingency.*" Thus it is said by Blackstone, (2 Com. 170): "A remainder may be also contingent where the person to whom it is limited is fixed and certain, but the *event* upon which it is to take effect is vague and uncertain, as, where land is given to A for life, and in case B survives him then with remainder to B in fee. Here B is a certain person, but the remainder to him is a contingent remainder, depending upon a dubious event,— the uncertainty of his surviving A. During the joint lives of A and B it is contingent, and if B dies first it never can vest in his heirs but is forever gone; if A dies first the remainder to B becomes vested." Fearne on Remainders, p. 1.

In *Smith* v. *West,* 103 Ill. 332, this court quoted with approval from *Hawley* v. *James,* 5 Paige, 466, as follows: "Where the remainder-man's right to an estate in possession can not be defeated by third persons or contingent events, or by a failure of a condition precedent, if he lives, and the estate limited to him by way of remainder continues till the precedent estates are determined, his remainder is vested in interest." And from *Moore* v. *Littel,* 41 N. Y. 72, that "decisions and text writers agree that, by the common law, remainder is vested where there is a person in being who has a present capacity to take in remainder if the particular estate be then presently determined, otherwise the remainder is contingent. * * * The person must be one to whose competency to take no further or other condition attaches, etc., *i. e.,* in respect to whom it is not necessary that any event shall occur or condition be satisfied, save only that the precedent estate shall determine." *Olney* v. *Hull,* 21 Pick. 311; *Thompson* v.

*Ludington,* 104 Mass. 193; *Hull* v. *Beals,* 23 Ind. 25; *Dingley* v. *Dingley,* 5 Mass. 537; *Schofield* v. *Olcott,* 120 Ill. 362.

In this case, that a life estate was vested in Henry Warrington is unquestioned. The grant is to Henry Warrington and assigns, for and during his natural life, and *upon his death* then unto his sons, the said George Warrington and James Warrington, of the second part, in equal parts. If the grant to the sons had stopped here there could have been no question that the estate vested in the sons as tenants in common. Such would have been the effect without the words "in equal parts." These words, "in equal parts," are to be read with the succeeding words, "if they shall both survive the said Henry Warrington." There can be no question about the intent thus far. But these words are followed by the clause, "but if either of said sons shall die without issue him surviving, then the survivor shall take all of said property hereby conveyed." That is, the intention expressed is, they shall take in equal parts if they both survive the life tenant, but if one die without surviving issue the other shall take the whole, thus attempting, upon the contingency of one dying during the continuance of the life estate, without issue surviving him, to cast the whole estate upon the survivor. It is unnecessary to determine whether, if the granting clause had ended with this provision, the estate would have vested in the two, subject to be divested as to one who should die during the life estate without surviving issue, or not. In our opinion, the remaining portion of the granting clause clearly indicates an intention that upon the contingency that the son shall die before the termination of the life estate, leaving issue him surviving, the estate of the decedent shall go to his children. As we have seen, after granting to the sons, and their heirs and assigns, in remainder, in equal parts, if they shall both survive the life tenant, but if either should die without issue surviving before the falling in of the precedent estate then the survivor should take the whole, there is the further condition,

"but if one of said sons shall die leaving issue, then one moiety to the survivor, and the other moiety, in equal parts, to the children of the deceased." It is clear that by the words, "if one of said sons shall die leaving issue," was meant, if the sons shall die leaving issue before the vesting of the estate in possession,—that is, before the termination of the intermediate estate,—then and in that event the moiety that would have vested in him had he lived is granted to his children. The term "children," in its natural sense, is a word of purchase, and will be taken to have been so used unless so controlled and limited by other expressions in the instrument as to show that it was intended as a word of limitation. We need not extend this opinion by a discussion of this proposition,—it will be found to be well established. *In re Sanders et al.* 4 Paige, 293; *Baker* v. *Scott,* 62 Ill. 86; *Beacroft* v. *Strawn,* 67 id. 28; *Rogers* v. *Rogers,* 3 Wend. 503.

Not only are there no words tending to show that the word "children" was here used as meaning heirs generally, but it is clearly shown to have meant the issue of the son dying. Upon the contingency, therefore, of one of the sons dying before the falling in of the life estate, leaving children surviving him, such children would take, not as heirs of the son dying, but as grantees in the deed,—as purchasers. (*Ebey* v. *Adams,* 135 Ill. 80, and cases cited.) This being so, it is apparent that it was not fixed and determined by the deed who should take absolutely at the termination of the precedent estate. If the sons survive the father the estate would be vested in them, both in interest and possession. If one of them died leaving children him surviving, the estate would, upon the termination of the life estate, vest in the survivor of the two sons and the children of the deceased son. If the limitation had been to the sons, and, if they died before the life estate terminated, then to a stranger, no question could have been made that the estate was contingent upon their surviving until the expiration of the intermediate estate. Precisely the

same occurs here. The grant is to the sons, if alive when the estate terminates; if not, to their children surviving them, as a class. It can not be known until the death of the life tenant whether the contingency upon which the sons are to take will exist; nor can it be known whether the children of either one of them will take, as that will depend upon the contingency of issue being born, the death of the sons, and the children surviving them. Nor need we determine here what would be the result if both sons should die during the continuance of the particular estate, with or without issue. It is clear, we think, that the estate in the sons, James and George Warrington, was contingent upon their surviving the life tenant, or, if one of them should die and not the other, that the deceased son should have died without issue him surviving.

It follows, necessarily, that we are of opinion the deed from the Warringtons to Smith, and from Smith to appellee, did not convey a good and merchantable title, and the decree ordering specific peformance of the agreement of purchase and sale was therefore erroneously entered. It will accordingly be reversed and the bill dismissed.

*Decree reversed.*