THE NORTHERN TRUST COMPANY, Defendant in Error, *vs.* ALBERT WHEATON, JR., *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1911.*

1. WILLS—*the law favors the vesting of estates at earliest possible moment.* Estates devised will be held to vest at the death of the testator unless some later time for their vesting is clearly expressed by words of the will or is necessarily implied therefrom.

2. SAME—*remainder is vested if there is a fixed right of future enjoyment in a person in being.* A remainder is vested where there is a right of present enjoyment or a fixed right to a future enjoyment in a determinate person after the prior estate ends.

3. SAME—*a remainder may be vested subject to being divested on condition.* An estate may be vested and a clause added introducing a condition upon the happening of which it will be divested.

4. SAME—*a remainder is vested where postponement of enjoyment is merely to let in prior estate.* Where the enjoyment of the remainder is postponed merely for the purpose of letting in a prior estate the remainder is vested.

5. SAME—*testator is presumed to have intended to dispose of his entire estate.* A testator is presumed to have intended by his will to dispose of his entire estate and not to die intestate as to any part thereof.

6. SAME—*when the interest of beneficiaries is vested.* Where a will creates a trust, to continue during the joint lives of the testator's wife and sister, or the survivor of them, and at the end of that period the trust estate to go, belong to and immediately be divided in absolute ownership among ten named beneficiaries who were in being at the testator's death, the interest of the beneficiaries vests at the testator's death, there being no survivorship clause as to the beneficiaries, the only provision being, that if any of them died before their interest vested in them, their children, if any, should take the parents' share, as the latter provision is referable as well to their dying before the testator as after.

7. SAME—*what does not render remainder contingent.* A remainder to ten named persons after the termination of the preceding life estate is not rendered contingent by a provision that if any of them are minors at the time the estate vests in them the trust shall continue as to the interest of such minors until they attain their majority.

8. SAME—*when renunciation by widow accelerates remainder.* Where an estate is devised in trust for the joint lives of the widow

and sister of the testator, or the survivor of them, with remainder to named beneficiaries, the postponement of enjoyment of the remainder being merely to let in the estates of the widow and sister, renunciation by the widow of the provisions of the will accelerates the remainder, and upon the death of the sister the remaindermen are entitled to the enjoyment of their estates.

CARTWRIGHT and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

F. O. CAMPE, and HAYDEN N. BELL, for certain plaintiffs in error; CHARLES J. KAVANAGH, for other plaintiffs in error; MARTIN C. KOEBEL, for John F. Devine, administrator; HENRY G. MILLER, guardian *ad litem* and solicitor for the minors; LACKNER, BUTZ & MILLER, for Annie Florence Dicker.

WILLIAM S. MILLER, and FREDERICK H. BENGEL, for defendant in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is a bill in chancery brought by the Northern Trust Company, as trustee and executor under the will of Albert E. Hoadley, deceased, against the heirs and beneficiaries of the estate, for the construction of his will and directions for executing the trust. Upon a hearing in the court below a decree was entered ordering the trustee to continue to administer the trust until the death of the widow of the testator and allow the income thereof to accumulate and be added to the principal, and at the death of the widow, Allie G. Hoadley, the trust estate to be distributed to the surviving beneficiaries who might be living at the time of her death. This writ of error has been sued out by the beneficiaries and the heirs of deceased beneficiaries for the purpose of having the decree of the court below reviewed.

The·facts, which are not in controversy, are as follows: Albert E. Hoadley died leaving a last will and testament, which was duly probated in Cook county on the 23d day of February, 1900, and the Northern Trust Company was, in accordance with the direction of the will, appointed executor and trustee of the estate. Section 2 of the will gives Allie G. Hoadley, the widow, certain articles of personal property. By section 3 she is given a life estate in a house known as No. 683 Washington boulevard. Section 4 bequeaths to Dr. Richard Fyfe certain medical books and instruments. None of these sections of the will are involved in this proceeding. The whole controversy grows out of section 5 of the testator's will, which is as follows:

"I give, devise and bequeath unto the Northern Trust Company of Chicago, as trustee, all of the estate and property of all kinds, whatsoever and wherever situated, belonging to me at the time of my death, remaining after the payment of my said debts, funeral expenses and the gifts, devises and bequests above provided for, in trust for and upon the following trusts, purposes and conditions, to-wit: Said trust company shall hold, manage, lease, care for and control all of said trust estate for and during the following period, to-wit, for and during the life of my said wife, Allie G. Hoadley, and the life of my sister, Laura E. Thomas, and the life of the survivor of them, and at the end of said period the trust estate then in the hands of the trustee shall go, belong and be immediately divided in absolute ownership to the following named persons, share and share alike: Albert Wheaton, Jr., of Amboy, Illinois, Lucy Collins, of Chicago, Illinois, and Jessie Gillett, of Malden, Bureau county, Illinois, (children of my sister, Laura E. Thomas); Annie Florence Dicker and Jennie Dicker, (children of James E. and Annie E. Dicker); Wallace Harvey, (child of John H. and Florence E. Harvey); and Nellie E. Dicker, Willard W. Dicker, Alfred O. Dicker and Edward Hoadley Dicker, (children of Edward A. and Jennie E.

·Dicker.)   In the event of the death of any of the ten persons above named as beneficiaries before the interest in my estate shall vest in them, leaving a child or children surviving at the time said estate shall vest, then said child or children of such deceased person shall take their parents' share:  *Provided, however,* in the event that at the time my said estate shall vest, as above provided, any of the above named beneficiaries shall be minors, then as to the interest of said minor or minors in my said estate said trust shall continue until said minor or minors shall come of age, respectively, and on attaining their majority such minor or minors shall receive their respective interests.   In case of the death of any of said minors after said estate shall vest and before they become of age, as to their interest said trust shall terminate and their interest be paid to their legal heirs or representatives.   During said period of said trusteeship said trustee shall manage, control, lease, care for and protect said trust property and collect the income therefrom, all in accordance with its best judgment and discretion.   Said trustee is given hereby full power to sell and convey any and all of said property, and any of the re-investments thereof, from time to time, for such prices and for such terms as it shall see fit, for the purpose of re-investment;  also power at all times to invest such part of said trust estate as may be in or converted into cash, in such income-bearing securities or property, real or personal, as it shall deem best.   The trustee shall be paid a fair and just compensation out of the trust property for its services hereunder;  also the trustee shall be allowed to employ such agents and attorneys as are reasonably necessary in managing and protecting the trust estate, and their compensation, as well as the reasonable and proper expenditures made or incurred by the trustee in administering the trust, shall be re-paid and allowed the trustee out of the trust estate.   I further direct that out of my estate my said trustee shall pay to my wife, Allie G. Hoadley, as long as

she may live, the sum of $1000 annually, payable in quar-
terly installments of $250 each.   I further direct that my
said trustee shall also pay to my sister, Laura E. Thomas,
the sum of $25 per month as long as she may live.   If the
income of my estate shall not be sufficient to make such
payments, then my said trustee is hereby authorized and
directed to use such portion of the principal of my estate
as may be necessary for that purpose."

The widow renounced the provisions of the will in her
favor and elected to and did receive one-half of the real
and personal estate of the testator absolutely as her own.
The balance of the estate, excepting some unimportant be-
quests, was received and has been ever since held by the
Northern Trust Company under the said will.   Laura E.
Thomas, a sister of the testator, was paid $25 per month
by the trust company until the month of February, 1906,
when she died.   Nellie E. Dicker, named in the will as one
of the residuary devisees, died before Laura E. Thomas,
leaving no child or children surviving her.   After the re-
nunciation of the widow and the death of Laura E. Thomas
the adult beneficiaries under the will made a claim upon
the trustee for their distributive shares upon the theory that
the renunciation of the widow terminated her life estate
and accelerated the remainder.

The first question presented for our consideration is
whether the remainder of the ten beneficiaries named in
section 5 of the will is vested or contingent.   This question
is important to enable the trustee to know what disposition
to make of the interest of Nellie E. Dicker, one of the ten
beneficiaries, who died after the death of the testator but
before the death of Laura E. Thomas.   This question is one
of construction, and must be determined from a considera-
tion of all the clauses of the will in connection with each
other, so as to arrive at the intention of the testator as the
same is expressed by the words employed in the will.

The first clause of section 5 devises all of the testator's estate to the trustee that may remain after the payment of debts, funeral expenses, and the gifts, devises and bequests specifically provided for in the preceding sections of the will.  The second clause of said section directs that the trustee shall hold, manage, lease and care for all of said trust estate during the life of the testator's wife, Allie G. Hoadley, and the life of his sister, Laura E. Thomas, and the life of the survivor of them, and "at the end of said period the trust estate then in the hands of the trustee shall go, belong and be immediately divided in absolute ownership to the following named persons, share and share alike."  The will then designates by name ten persons as beneficiaries under the will.  The next clause provides that in the event of the death of any of the ten persons above named as beneficiaries before their interest vests in them, leaving a child or children surviving, such child or children of such deceased beneficiary shall receive the parents' share. The next clause provides that if, at the time the estate vests in the beneficiaries, any of them shall be minors, the trust shall be continued as to such minors' interest until they attain their majority, when they shall receive their respective shares, and in case of the death of such minors before they attain their majority, the shares of such as may die during minority shall go to their legal heirs.  The next clause of the will gives the trustees power and direction with reference to the management of the trust estate and makes provision for compensation, etc.  The last clause of section 5 directs the trustee to pay the wife, Allie G. Hoadley, the sum of $1000 annually, in quarterly installments of $250 each, so long as she may live, and directs the payment to the testator's sister, Laura E. Thomas, of the sum of $25 per month as long as she may live.

There is no controversy as to the character of the estate given to the wife and sister of the testator.  Their interest, by the plain terms of the will, terminated with their respect-

ive lives. The legal title was vested in the trustee during the joint lives, and the life of the survivor, of the wife and sister of the testator. At the end of the period fixed the estate was to "go, belong and be immediately divided in absolute ownership" to the ten beneficiaries named. The law favors the vesting of estates at the earliest possible moment, and the rule is established by many authorities that estates devised will vest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or is necessarily implied therefrom. (*Scofield* v. *Olcott,* 120 Ill. 362; *Kellett* v. *Shepard,* 139 id. 433; *Knight* v. *Pottgieser,* 176 id. 368; *Carter* v. *Carter,* 234 id. 507.) A contingent remainder is one limited to take effect either to a dubious or uncertain person or upon a dubious and uncertain event. (*Haward* v. *Peavey,* 128 Ill. 430.) A remainder is vested where there is a right of present enjoyment or a fixed right to a future enjoyment in a determinate person after the particular estate terminates. If there is uncertainty either as to the person who is to receive or in the gift itself to the remainder-man, the remainder is contingent. An estate may be vested and a clause added introducing a condition upon the happening of which it will be divested. Thus, a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested but subject to be divested upon his death during the life of A. On the other hand, a devise "that all of the residue, rest and remainder of my estate, real, personal and mixed, then remaining in the hands of said trustees shall be equally divided among such of my four children [naming them] as may survive my said wife or the issue of any of my said children who may have died before my wife, such issue to take the share that would have belonged to the parent," creates a contingent remainder. (*City of Peoria* v. *Darst,* 101 Ill. 609; *Smith* v. *West,* 103 id. 332; *Brechbeller* v. *Wilson,* 228

id. 502.)    At the time of the death of the testator the ten beneficiaries named were in being.    There was no uncertainty as to who would take the fee, and the postponement of the enjoyment of the estate was solely for the purpose of letting in the life interests of the testator's wife and sister.    The rule is, that where the postponement of the estate is for reasons not personal to the remainder-men the remainder is vested.    (*Thomas* v. *Thomas,* 247 Ill. 543.) Another rule is, that a testator is presumed to intend to dispose of his entire estate and not to die intestate as to any of it.    It is said in *Hawkins* v. *Bohling,* 168 Ill. 214, on page 219:    "So strong is the presumption that it has sometimes been said, with some extravagance, perhaps, that it will justify almost any construction of a will which will defeat intestacy as to a part of the estate,"—citing cases.

One of the beneficiaries, Nellie E. Dicker, died before the death of Laura E. Thomas.    She left no child nor children surviving her.    There is no clause of survivorship in the will.    If the interest of Nellie E. Dicker was contingent upon her being alive at the expiration of the life estate there is no provision in the will covering this contingency, and the result is that the testator died intestate as to one-tenth of his estate.    This result is avoided by considering the estate of the beneficiaries as vesting at the time of the testator's death.    This, we think, is the manifest intention of the testator.    The only language in said section 5 of the will that could be construed as indicating a contrary intention is found in the clause which provides that "in the event of the death of any of the ten persons above named as beneficiaries before the interest in my estate shall vest in them, leaving a child or children surviving at the time said estate shall vest, then said child or children of such deceased person shall take their parents' share."    This clause may as well refer to the death of the beneficiaries before the death of the testator as afterwards.    It is not inconsistent with the other provisions of the will to construe

this language as referring to the death of the beneficiary before the death of the testator, and as indicating an intention on his part that if any of the beneficiaries died before the testator, leaving issue, such issue would be substituted for such deceased beneficiary. This construction seems to be consistent with the general testamentary scheme of the testator. By the death of a beneficiary after the death of the estate, being vested, would, of course, pass to the legal heirs of such beneficiary and thus prevent intestacy as to such shares. Our conclusion is that the estate of the beneficiaries named vested upon the death of the testator and that the share of Nellie E. Dicker passed upon her death to her legal heirs.

The next question to be considered is whether the renunciation of the widow of her right under the will had the effect of accelerating the remainder so that the beneficiaries under the will became entitled to the enjoyment of their distributive shares upon the death of Laura E. Thomas. In Jarman on Wills (3d ed. p. 539,) it is stated: "That although the ulterior devise is, in terms, not to take effect in possession until the decease of the prior devisee, if tenant for life, yet in point of fact it is to be read as a limitation of the remainder, to take effect in every event which removes the prior estate out of the way."

In *Jull* v. *Jacobs,* 18 Moak, 775, it is said: "Where property is limited to A for life and after his decease to A's children, if A forfeit the life estate his children have a right immediately, because from and after the decease means from and after the termination of the life estate, and however it is terminated, either by death or forfeiture, it is gone. * * * That would be the conclusion I should come to from the reason of the thing without the decisions, but the decisions are all the same way. So in *McNitts' Exr.* v. *McNitts et al.* 24 N. J. 227, the testator gave to his wife the income of certain property for life or so long as she remained unmarried, and after her decease or marriage to

go to an infant daughter. The widow refused the provisions of the will. The court held the gift vested in the infant daughter immediately upon the renunciation of the widow though she had neither died nor married, and because the contingencies of death or marriage, having relation to the prior donee, were each a mere limitation or boundary between the estates which by the will were to be successive, and hence were not essential qualifications to enable the ulterior donee to take."

In the case of *Fox* v. *Rummery,* 68 Me. 122, the Supreme Court of Maine had before it a will which gave the widow a life estate with remainder to an adopted son if he should survive the widow. The widow renounced the benefits of the will. The heirs of the testator claimed the income of that part of the estate until the death of the widow. The court held that the renunciation by the widow put an end to the life estate and accelerated the remainder, and that the adopted son was entitled to the estate at once.

In the case of *Blatchford* v. *Newberry,* 99 Ill. 11, this court sustains the same doctrine. There the will provided that the trustees should pay the wife $8000 annually during her natural life, upon the condition that she would release, within twelve months after the testator's death, all right to dower or other interest in the testator's estate. The will then disposed of the fee to other devisees, and while this court recognized the doctrine of acceleration as above stated, there were in the context of the will in that case provisions which led the court to the conclusion that the doctrine of acceleration did not apply, but the rule is fully announced that whether the life estate is determined by death or by renunciation of the widow, or by any other circumstance which puts the life estate out of the way, the remainder takes effect the same as in case of death, where it has only been postponed in order that the life estate might be given to the life tenant.

The case of *Slocum* v. *Hagaman,* 176 Ill. 533, is an authority directly in point. In that case the testator gave his wife certain real estate and $4000 per annum, which she was to enjoy so long as she might live. The widow filed her renunciation and elected to take under the statute. The court below held that the remainder was thereby accelerated. The court, in affirming the decree below, on page 538, said: "It seems to be settled by the weight of authority that 'where the widow, who has been given a life interest under the will, renounces and elects to take her dower or the statutory allowance instead, her renunciation works an extinguishment of her life estate and accelerates the rights of the second taker.' (*Fox* v. *Rummery,* 68 Me. 121; *Dean* v. *Hart,* 62 Ala. 310; 20 Am. & Eng. Ency. of Law, pp. 895, 897, and cases in note 3.) The doctrine of acceleration proceeds upon the supposition that though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, if tenant for life, yet that, in point of fact, it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. (1 Jarman on Wills, 539; *Blatchford* v. *Newberry,* 99 Ill. 11.) Whether the life estate is determined by a revocation, or by death, or by the renunciation of the widow, or by any other circumstance which puts the life estate out of the way, the remainder takes effect, having only been postponed in order that the life estate might be given to the life tenant.—*Blatchford* v. *Newberry, supra.*"

The foregoing authorities seem to settle the question now under consideration in favor of the acceleration of the remainder of the beneficiaries and to establish their right to the immediate enjoyment of the estate, except as to those, if any, who have not reached their majority. As to such, if any, the trust will be continued until they reach their majority.

After the rendition of the decree in the court below, another of the beneficiaries, Wallace Harvey, died, leaving no child or children surviving him. His death occurred subsequent to the death of Laura E. Thomas. John F. Devine, administrator of his estate, has been made a party and files a brief, in which he insists that he is entitled to the interest of his intestate. What has already been said with reference to the interest of Nellie Dicker applies to the interest of Wallace Harvey. His personal estate passed, under the statute, to his representative and his real estate to his heirs.

It follows from what has already been said that the decree of the court below, finding that the remainder of the beneficiaries was contingent and that it was not accelerated by the renunciation of the widow, is erroneous. The decree will be reversed and the cause remanded to the court below, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

CARTWRIGHT and DUNN, JJ., dissenting.