ISABEL RICHARDSON MOLTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47308. Promulgated December 28, 1932.

*Donald V. Hunter, Esq.,* and *Oscar A. Kropf, Esq.,* for the petitioner.

*J. M. Leinenkugel, Esq.,* for the respondent.

## OPINION.

LEECH: The parties have limited the issue to the question of whether petitioner took a vested or a contingent remainder under the provisions of her father's will.

The applicable section of the Revenue Act of 1926 is as follows:

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924, or in subdivision (c) or (f) of section 302 of this Act.

Petitioner agrees that if she took a vested remainder the deficiencies as determined by the Commissioner are correct. The Commissioner agrees that if petitioner took a contingent remainder the time of acquisition was the date of the distribution of the stock to her by the trustee; that no gain or loss was realized upon the sale of the Belding Bros. & Company stock, and that the gain realized upon the sale of the S. S. Kresge Company stock may be recomputed under Rule 50, pursuant to the foregoing findings of fact.

In determining this issue we are bound by the rules of property established in Illinois, *Spindle* v. *Shreve*, 111 U. S. 542; *Poe* v. *Seaborn*, 282 U. S. 101; *E. K. Wood Lumber Co.*, 25 B. T. A. 1013.

The same general principles which regulate the vesting of devises of real estate apply to a considerable extent to personal legacies. The general rule in regard to the vesting of personal legacies, the payment of which is postponed to a period subsequent to the decease of the testator, is that where there is no general gift, but only a direction to pay in the future, the vesting will be postponed until the appointed time. But an exception to the general rule, constituting practically another general rule, is that although a gift arises wholly out of directions to pay or distribute *in futuro*, if futurity is not annexed to the substance of the gift for reasons personal to the legatee, but merely for the convenience of the fund or property, because the testator desired to appropriate the subject matter of the legacy to the benefit of another for a certain period (such as a life estate) the legacy in remainder will vest *instanter*, the right of possession and enjoyment, only, being deferred. *Schofield* v. *Olcott*, 120 Ill. 362; 11 N. E. 351; *Ducker* v. *Burnham*, 146 Ill. 9; 34 N. E. 558; *Pearson* v. *Hanson*, 230 Ill. 610; 82 N. E 813; *Armstrong* v. *Barber*, 239 Ill. 369; 88 N. E. 246; *Mettler* v. *Warner*, 243 Ill. 600; 90 N. E. 1099.

A contingent remainder, by which no present interest passes, is where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon the happening of a dubious or uncertain event, *Ducker* v. *Burnham, supra*. The status of such estate depends not upon the uncertainty of enjoyment, but upon the uncertainty of the *right* to enjoyment, *Smith* v. *Chester*, 272 Ill. 428; 112 N. E. 325. A vested remainder, by which a present interest passes to the remainderman *instanter*, though to be enjoyed *in futuro*, is where the estate is invariably fixed to remain to a determinate

person after the particular estate terminates, *Ducker* v. *Burnham, supra.* Although it may be uncertain whether the remainder will ever take effect in possession and enjoyment, it will nevertheless be vested if the *interest* is fixed, *Chapin* v. *Crow*, 147 Ill. 219; 35 N. E. 536.

If survivorship or other conditional element be incorporated into the description of the gift or the designation of the remainderman, such as to the children surviving the life tenant, as a condition precedent, the remainder will be contingent and the vesting deferred, *Chapin* v. *Crow, supra; Ducker* v. *Burnham, supra.* But if the remainderman be designated by name accompanied by words giving a vested remainder interest, a subsequent provision disposing of the same estate in the event he dies before payment or distribution merely creates a condition subsequent, and the estate will vest *instanter*, subject to being divested upon the remainderman's death prior to the falling in of the particular estate or the arrival of the appointed time for payment or distribution. *Golladay* v. *Knock*, 235 Ill. 412; 85 N. E. 649; *Northern Trust Co.* v. *Wheaton*, 249 Ill. 606; 94 N. E. 980; *Smith* v. *Chester, supra; Pearson* v. *Hanson, supra; Ducker* v. *Burnham, supra.* The controlling consideration in deciding whether a remainder is vested or contingent upon the beneficiary being alive at the time of distribution is to discover the intention of the testator, which must be given effect, *Mettler* v. *Warner, supra.* However, the law not only favors vested remainders, *Chapin* v. *Crow, supra; Pearson* v. *Hanson, supra*, and in cases of doubt or ambiguity in the language employed, will determine the remainder to be vested, *Smith* v. *Chester, supra*, but will presume that words of postponement relate to enjoyment and possession. The testator's intent to postpone the vesting of the interest must be clear and manifest. *Ducker* v. *Burnham, supra.*

A spendthrift trust is the term commonly used to designate a trust created to provide a fund for the maintenance of the beneficiary and at the same time to secure the enjoyment of it to the object of the testator's or grantor's bounty by providing that it shall not be alienable by the beneficiary or be taken by his creditors, *Wagner* v. *Wagner*, 244 Ill. 101; 91 N. E. 66. The limits of such provisions depend upon the law of the jurisdiction wherein the real property is situate, or, as to personalty, the law of the jurisdiction wherein the trust was created and is to be administered, and, where permitted, such provisions are a valid restriction even upon a vested property interest, *Hyde* v. *Woods*, 94 U. S. 523; *Spindle* v. *Shreve, supra.* The Illinois rule of law is that there is one exception to the rule that any limitation is bad which restrains an owner in fee simple from alienating his property, and this exception is that property may be

devised in fee, subject to a spendthrift trust which effects only a deferment of possession or enjoyment. *Hopkinson* v. *Swaim*, 284 Ill. 11; 119 N. E. 985; *Wagner* v. *Wagner, supra; Pearson* v. *Hanson, supra.*

In the case at bar, paragraph sixth of the will provides for a particular estate for the lifetime of the testator's widow, and then provides " at the death of my wife, in case she survives me, or at my death, in case she does not survive me, I will and direct that twenty-five per cent (25%) in value of my estate be turned over to my daughter, Isabel M. Richardson, and that twenty-five per cent (25%) thereof shall be turned over to her each second year thereafter * * *." The last sentence of paragraph sixth provides that, in case of the death of Isabel M. Richardson before the testator's death or distribution to her, the whole or remaining principal be distributed to her lineal descendants, if any. Paragraph seventh provides that, in the event of the death of testator's daughter without leaving lineal descendants before distribution is made to her as directed in paragraph sixth, or before the testator's death, the trustees are directed, upon death of testator's widow or if she predecease him within one year after his death, to make several specific payments in cash and turn over the residue to the Old Peoples Home. Paragraph ninth of the will is a spendthrift clause applying to both the income and the corpus of the testator's estate.

The will makes a specific gift of the remainder of the testator's estate to his daughter by name and at the date of death of the testator she was *in esse* and then answered fully the description by which she was to take. She had a present fixed right to future enjoyment. There was no intervening circumstance in the nature of a condition precedent which had to happen before she received the *right* to take in possession, under the terms of the will. Survivorship was not included in the description of the remainderman, but, instead, the words employed created a vested interest, subject to being divested upon her death prior to the falling in of the particular estate or the periods appointed for distribution to her. Had the testator's wife predeceased him, petitioner would have taken possession of 25 per cent of the remainder immediately upon the death of the testator. The obvious reason for postponing enjoyment of this portion of the remainder was " for the convenience of the fund or property " by providing for the life estate of the widow—not for any reasons personal to the legatee. Certainly then, petitioner took a vested interest in the first 25 per cent of the remainder of testator's estate. There is nothing in the will to denote an intention by the testator that she was to take a vested interest as to 25 per cent of his remainder estate and a contingent interest as to the other 75 per cent. The words of

postponement are presumed to relate to enjoyment and possession, for there is no clear and manifest intent expressed by the testator to postpone the vesting of the whole or any part of the remainder interest in his daughter at the date of his death. The spendthrift clause was a valid limitation upon the right which vested in petitioner at date of testator's death and effected only a postponement of enjoyment. We conclude that petitioner acquired a vested remainder interest.

The date of acquisition of the property disposed of in these tax years was the date of death of the testator, namely, February 13, 1919, and the basis for determining gain or loss is the fair market value of such property on that date. *Brewster* v. *Gage*, 280 U. S. 327. Also, cf. *Lane* v. *Corwin*, 1 Fed. Supp. 151; *Chandler* v. *Field*, 58 Fed. (2d) 370; *Rodman E. Griscom*, 22 B. T. A. 979; *William Hugget*, 24 B. T. A. 669; *Marian B. Pringle*, 26 B. T. A. 362. The Commissioner has used, as the basis for determining gain, the value for estate tax purposes of the shares of stock in question on the date of the testator's death, reduced by dividends declared subsequent to that date. No issue has been raised as to those values.

*Judgment will be entered for respondent.*