IRL E. HINRICHSEN *et al.*

*v.*

ELIZA HINRICHSEN *et al.*

*Opinion filed April 21, 1898.*

1. REMAINDERS—*devise construed as creating a vested remainder.* A devise of the residue of real and personal property to executors in trust, the rents and interest to be paid to the testator's wife during her life and at her death to be divided equally among the testator's children who were in being at his death and having present capacity to take, creates a life estate in the wife with a vested remainder in the children.

2. SAME—*facts which will not make remainder contingent.* Where a gift to remainder-men is absolute, neither the fact that their enjoyment is postponed to let in an estate for life, nor that a condition subsequent exists, upon the happening of which their estate will be divested, will operate to make the remainder contingent.

3. WILLS—*clause of will construed as not making remainder contingent.* A clause in a will following an absolute gift to remainder-

men, which provides that upon the death of either remainder-man without legal heirs of his body his share should go to the other, does not make the remainder contingent, but merely means that in such case the prior fee will be divested and another substituted.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

BLINN & HARRIS, and HARTS & HUMPHREY, for plaintiffs in error.

BEACH & HODNETT, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The only question in this case is whether plaintiffs in error, Irl E. Hinrichsen and Florence I. Hinrichsen, have any interest, by virtue of the will of their grandfather, Michael Hinrichsen, in the property described in the eighth clause of said will. Michael Hinrichsen died October 18, 1882, and by the fifth clause of his will devised to his son Solomon Hinrichsen, for life, with remainder in fee to the heirs of his body, a farm of 388.35 acres, subject to an annual charge of $400 to be paid to the testator's widow, Eliza Hinrichsen, during her life. By the sixth clause he devised in like manner to his son Genaro Hinrichsen, the father of plaintiffs in error, for life, with remainder in fee to the heirs of his body, a farm of 480 acres, subject to an annual charge of $500 to be paid to said widow during her life. By the seventh clause it was provided that the sons should not sell or encumber the property so devised, and in case taxes against any part thereof were unpaid, an executor should be appointed who should take charge of the property, and out of the rents pay, and thereafter keep paid, all taxes thereon. The eighth and ninth clauses are as follows:

"*Eighth*—It is my will that the residue of my personal estate not hereinbefore devised be put at interest, and my real estate not hereinbefore devised be rented by my

executors, and that the proceeds of such interests and rents, after deducting such legal fees and expenses as may be allowed them by the court, be paid to my said wife during her natural life, and at her death the same to be divided equally among my children.

"*Ninth*—It is my will that in case either of my said sons shall die without leaving legal heirs of their body or heirs thereof, that the said estate shall be inherited by the remaining son in the same manner and with the same restrictions as are set forth in the fifth, sixth and seventh sections hereof."

The property disposed of by the eighth clause consisted of 120 acres of land, a lot improved with a store building in the city of Lincoln, and about $12,000 in notes and securities. Genaro Hinrichsen died October 5, 1895, leaving a widow and the plaintiffs in error, his two children. He also left a will, in which nothing was given to plaintiffs in error, whereupon they claimed title to an undivided half of the property now in controversy, disposed of by said eighth clause, subject to the life interest of their grandmother, by virtue of said will of Michael Hinrichsen, and filed their bill to have said will construed and their rights declared. The circuit court found that they had no interest in the property disposed of by the eighth clause, and dismissed their bill at their costs.

The claim of plaintiffs in error is, that the eighth clause, which devised and bequeathed a remainder in fee, after the life estate of the widow, in said real and personal property to Solomon and Genaro Hinrichsen, is qualified by the ninth clause so as to limit a life estate to them with remainder to the heirs of their bodies, and that when Genaro died, plaintiffs in error took under the will, subject to the equitable life estate of the widow, Eliza Hinrichsen. On the other hand, it is contended that the words "said estate," in the ninth clause, refer to the estate granted by the fifth and sixth, and have no reference to the property disposed of by the eighth,

which, it is claimed, was a vested remainder in Solomon and Genaro Hinrichsen. The word "said" is a word of reference to what has been already spoken of or specified, and if there is a question as to which of the antecedent things or propositions specified is referred to, it is generally held to refer to the last of such antecedent propositions or things. But we do not see that it is material in this controversy whether the reference is to the estate specified in the eighth clause or to the entire estate. By the eighth clause the estate was placed in the hands of the executors, as trustees, to put the personal estate at interest and to rent the real estate, and pay the proceeds of the interest and rents, after deducting the proper charges, to the widow during her natural life. This gave to the widow an equitable life estate in the property, and at her death it was to be divided equally among the testator's children. The sons, Solomon and Genaro, were in being at the death of their father, and having present capacity to take the estate at once upon the death of their mother, the life tenant, the remainder was vested. So far as that clause is concerned the property was given absolutely, and its enjoyment by the remainder-men was postponed only to let in the life estate in the widow. In such case the remainder is vested. (*Scofield* v. *Olcott*, 120 Ill. 362; *Ducker* v. *Burnham*, 146 id. 9; *Hawkins* v. *Bohling*, 168 id. 214; *Harvard College* v. *Balch*, 171 id. 275.) It is immaterial in such case that there is a condition subsequent which may divest the estate, and applying the provision of the ninth clause to the estate would not make the remainder contingent. The ninth clause was limited upon a contingency that did not happen and never can happen as to plaintiffs in error, because their father, Genaro Hinrichsen, is dead and left them as his children. What estate, or whether any estate at all, would have gone to Solomon Hinrichsen if Genaro had died leaving no children, is of no importance in this case, except in determining whether the remainder would be made con-

tingent by the provision.   So far as that question is concerned, the only effect of applying the provision of the ninth clause to the estate granted by the eighth would be, that the remainder given absolutely by the eighth clause might be divested by the happening of a subsequent condition—the death of Genaro without children. The prior fee given to Genaro might be thereby displaced and another substituted.   If the contingency should never happen, the estate as granted by the eighth clause would remain unaffected.   And it did not happen.

The decree of the circuit court will be affirmed.

*Decree affirmed.*