HARRY G. BELDING, Plaintiff in Error, *vs.* FRANCIS W. PARSONS *et al.* Defendants in Error.

*Opinion filed April 19, 1913.*

1. WILLS—*when devise creates contingent remainders.* A devise to the testator's daughter for life, subject to the prior life estate of the testator's widow, then to the child or children of such daughter who may be surviving at the time of her death, or if no child or children survive her then to the testator's children who may then be living, or if none be living then to a named charitable institution, creates contingent remainders supported by the life estate in the daughter, the reversion being in the testator's heirs.

2. SAME—*contingent remainders are destroyed by a merger of reversion and life estate.* Where the reversion is conveyed by the heirs of the testator and the life estate upon which several contingent remainders depend is conveyed to the same person who has obtained the reversion, the reversion and the life estate merge and the contingent remainders are destroyed.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. DUANE J. CARNES, Judge, presiding.

H. W. McEWEN, for plaintiff in error.

W. C. KELLUM, and A. W. FISK, for defendant in error James L. Beaton.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error filed a bill in the circuit court of DeKalb county claiming to be the owner of an eighty-acre tract of land therein described, and praying that a certain cloud be removed from the title and that he be decreed to be the owner, in fee simple, of the premises. Certain of the parties defendant answered the bill, and upon a hearing the court decreed that plaintiff in error did not own the land, was not entitled to the relief prayed, and dismissed the bill for want of equity. The case is brought to this court for review by writ of error.

The land in controversy was eighty acres of a hundred and sixty acre tract owned by James Cox in his lifetime. Cox died testate September 2, 1899, leaving surviving him a widow, Catherine Cox, and two daughters, Mary J. Cox and Bridget Beaton, his only children and heirs-at-law. By the third clause of his will the testator gave his widow a life estate in all his real estate. The fifth clause is the only part of the will involved in this litigation. That clause is as follows:

"*Fifth*—I give and devise to my daughter Bridget Beaton the use of the following described real estate, to-wit: The west half ($\frac{1}{2}$) of the north-east quarter ($\frac{1}{4}$) of section one (1), in township thirty-nine (39), north, range four (4), east of the third principal meridian, containing eighty acres of land more or less, situated in said county of DeKalb and State of Illinois, during her natural life, after the decease of my said wife, said life estate hereby devised to my said daughter Bridget Beaton being subject to said life estate to my said wife. And I give and devise said real estate last above described to the child or children of my said daughter Bridget who may be surviving at the time of her decease, to have and to hold the same to the said child or children, their heirs and assigns forever, subject to said life estates above and herein devised; and in

case there should be no child or children of my said daughter Bridget living at the time of her decease, then I give and devise the same to my child or children, and the descendants of my child or children, who may be living at the time of the decease of my said daughter Bridget, the child or children of any deceased child to take the same share which their father or mother, as the case may be, would have taken if living; and in case none of my children or descendants of my children be living at the time of the decease of my daughter Bridget, then I give and devise the said real estate last above described to the charitable institution known as 'The Mother of Shepards of St. Louis, Missouri,' to have and to hold the same forever, subject, however, in all cases, to the life estate herein devised to my said wife."

The widow of the testator died in 1910, and on April 17, 1912, the two daughters, Mary J. Cox and Bridget' Beaton, made a deed of conveyance to plaintiff in error for the reversion in fee in the eighty acres described in the bill. The deed recited at length the provisions in the will of James Cox, and that the grantors, as his sole surviving heirs, were entitled by descent, as upon a partial intestacy of the testator, to the legal reversion in fee in and to the premises described pending the happening of the event whereby the remainder should become vested, and that it was the purpose and desire to convey to plaintiff in error such reversion in fee, and no other interest, in and to the eighty acres of land described. On the same day Bridget Beaton, by deed reciting the provisions of the will of James Cox and that she and Mary J. Cox had conveyed the reversion in fee to plaintiff in error, conveyed to him her life estate in the eighty acres. The deed recites that the purpose and intention was that the life estate should merge in the reversion in fee and be thereby extinguished and prematurely destroyed, and the grantee vested at once with the legal estate in fee simple in possession and any contingent

future interest in the remainder-men destroyed. The cloud upon the title sought to be removed was a contract for the conveyance of the land made in 1855 by the then owner of the land to one Francis W. Parsons, which was recorded but upon which no deed had ever been made.

Bridget Beaton and Mary J. Cox answered, admitting the facts alleged in the bill but averring they were not advised as to the legal effect of the conveyances. Bridget Beaton had two children living,—Anna L., aged twenty-one years, and James L., aged eighteen years. Anna answered, admitting the conveyances as alleged but denying they had the effect of destroying her interest in the premises under the will of James Cox. James L. Beaton, by guardian *ad litem,* filed a formal answer, asking that strict proof be required and praying the protection of his interests.

None of the defendants below have filed briefs except James L. Beaton. He insists, first, that the children of Bridget Beaton took a vested interest under the will; and second, that if their interest was a contingent remainder it should not be held that the conveyances destroyed it, as that would defeat the intention of the testator, and the doctrine of merger should not be applied when it will have that effect.

We think it plain the interest of the children of Bridget Beaton was a contingent remainder. Their interest was contingent upon their surviving their mother, who had a life estate in the premises. The devise of the remainder was to the child or children of Bridget Beaton "who may be surviving at the time of her decease," and in the event she left no child or children surviving her, remainder over, first, to the children or descendants of children of the testator, and second, if no child or children of the testator be living at the time of Bridget Beaton's death, then to "The Mother of Shepards of St. Louis, Missouri." The devise to the children of Bridget Beaton was not of a present or vested interest subject to be divested by their death before

her decease, but was the devise of a future interest dependent upon the dubious and uncertain event of their surviving until the time fixed for the vesting of the estate. Their contingent interest was supported by the life estate in Bridget Beaton, and that, under all the authorities of text-book writers and decisions of courts, it was a contingent remainder seems too plain to require argument or discussion or the citation of authorities. The devises over to the child or children of the testator or their descendants, and to "The Mother of Shepards of St. Louis, Missouri," were also contingent remainders. Until the vesting of a contingent remainder or the determination of the impossibility of its vesting the reversion in fee is in the heirs of the testator. (*Bond* v. *Moore,* 236 Ill. 576; *Harrison* v. *Weatherby,* 180 id. 418; *Peterson* v. *Jackson,* 196 id. 40.) A contingent remainder must vest during the continuance of the particular estate supporting it or *eo instanti* upon its termination. Here the particular estate that supported the contingent remainders was terminated by the conveyance by Bridget Beaton of her life estate to plaintiff in error before the estate vested in the contingent remainder-men, for the reason that the reversion in fee having been also conveyed to plaintiff in error by the heirs of the testator, the two estates merged in him. Under that situation the authorities hold that in the absence of statutory prohibition the contingent remainder is destroyed and the person in whom the particular estate and the reversion meet becomes the absolute owner. This was so held in the late case of *Bond* v. *Moore, supra,* where the authorities will be found cited and commented upon. We do not think this decree could be sustained without overruling that case and the many authorities cited in the opinion that support it.

The rule that courts will not, in case of a conveyance by a mortgagor to a mortgagee, decree a merger where it is not for the interest of the mortgagee to do so, has never

been applied in cases of this character in this State nor elsewhere, so far as we are informed.

The decree of the circuit court will be reversed and the cause remanded, with directions to enter a decree as prayed in the bill.   *Reversed and remanded, with directions.*