Amos H. Messer, Jr., Defendant in Error, *vs.* Louise Baldwin *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1914.*

Wills—*when merger of life estate and reversion destroys life estate and contingent remainder.* Where the testator devises a life estate in lands to his son, who was the sole heir-at-law, and at his death to the issue of his body, if any survive him, and if none survive him then to the testator's heirs, the reversion descends to the son pending the vesting of the remainders, and if he has no children living and conveys the land by warranty deed to a third person the life estate and reversion merge in the grantee, with the effect of destroying the life estate and contingent remainder, and upon the grantee's re-conveyance to the son the latter takes the legal title to the premises in fee, free from the rights of any other person. (*Bond* v. *Moore*, 236 Ill. 576, *Belding* v. *Parsons*, 258 id. 422, and *Barr* v. *Gardner*, 259 id. 256, followed.)

Writ of Error to the Circuit Court of Shelby county; the Hon. Thomas M. Jett, Judge, presiding.

Richardson & Whittaker, U. G. Ward, and Craig & Kinzel, (Isaac B. Craig, guardian *ad litem,*) for plaintiffs in error.

James W. & Edward C. Craig, (Donald B. Craig, of counsel,) for defendant in error.

Mr. Chief Justice Cooke delivered the opinion of the court:

On February 23, 1911, Amos H. Messer died testate, leaving him surviving as his only heir-at-law his son, Amos H. Messer, Jr., who is also known as Harrison Messer. The first clause of his will, which is the only clause in controversy, was as follows:

"*First*—I give, devise and bequeath to my son, Harrison Messer, the west one-half of Sec. 34, Tp. 12 N., R. 6 east of the 3d P. M., except 40 acres of even width off the north end thereof, and the SW ¼ of NE ¼ of said Sec. 34, all in Shelby county, Illinois, containing 320 acres, more or less, to have and to hold for and during his natural life, and at his death to the issue of his body, if any survive him. If none survive him, then to my heirs-at-law upon their first paying the following bequests,"—specifying certain money bequests to nieces of his deceased wife.

By a codicil he modified the first clause of his will by devising 40 acres of the land therein described to his son in fee but left the first clause in force as to the remaining 280 acres. On February 18, 1913, Amos H. Messer, Jr., together with his wife, executed and delivered to Carl D. Kiger a warranty deed to the 280 acres. This deed recited the death of Amos H. Messer and the probate of his will and set out the first clause of the will at length. It further recited the purpose of the deed to be to convey the life estate of Amos H. Messer, Jr., and the reversion in fee, "so that the said life estate shall merge in the said fee and be extinguished and be prematurely destroyed and the grantee hereinafter named be vested at once with the legal estate in fee in possession in and to the said land, and that any contingent future interests in and to the said land in the issue of the body of the hereinafter named grantor, if any survive him, shall be destroyed, and any contingent future interests in the heirs-at-law of the said Amos H. Messer, now deceased, in and to the said land shall, in the

262 — 4

event the hereinafter named grantor should die without issue him surviving, be destroyed." On the following day Carl D. Kiger re-conveyed the premises to Amos H. Messer, Jr., who immediately thereafter filed his bill of complaint in the circuit court of Shelby county to construe the will of Amos H. Messer, deceased, and to confirm in the complainant title to the 280 acres of land devised by the first clause of said will. Aside from Amos H. Messer, Jr., the nearest relatives of Amos H. Messer living at the time of his death were two sisters, and they, together with their descendants, were made defendants to the bill. A guardian *ad litem* was appointed for certain infant defendants, and after answers and replications had been filed a hearing was had before the chancellor, which resulted in the entry of a decree finding the facts as above set forth, and, in addition thereto, that no child has been born to Amos H. Messer, Jr., and that there is no issue of his body *en ventre sa mere.* The will was construed by the court as giving a life estate in the 280 acres to Amos H. Messer, Jr., and as creating a contingent remainder with a double aspect, to be determined at the death of Amos H. Messer, Jr., upon the following contingencies: If Amos H. Messer, Jr., left surviving issue of his body such issue should take the fee simple title to the land, but if he left no issue of his body surviving then the land should go to the then heirs of Amos H. Messer, deceased. Upon these facts and under this construction of the first clause of the will the court held that Amos H. Messer, Jr., upon the death of his father became seized not only of a life estate in the premises, but also of the legal reversion of the fee pending the event of his dying with issue surviving and the taking effect in possession, in that event, of the gift to the issue of his body, and pending the event of his dying without issue surviving and the taking effect in possession, in that event, of the gift to the then heirs of Amos H. Messer, deceased; that his deed to Carl D. Kiger had the effect of

merging the life estate in the fee, whereby the life estate became prematurely extinguished and the contingent remainders destroyed, and that by virtue of the re-conveyance by Kiger, Amos H. Messer, Jr., became, and now is, seized of the premises in fee, free and clear of any rights on the part of any other person and free from the contingent remainders created by the will of Amos H. Messer, deceased. To reverse the decree of the circuit court the defendants to the bill have sued out this writ of error.

There is no controversy over the facts in this case. The only question is whether, under the state of facts shown by the record, the contingent remainders created by the will of Amos H. Messer have been destroyed by the conveyance by Amos H. Messer, Jr., to Carl D. Kiger and the re-conveyance by Kiger to Amos H. Messer, Jr. This question must be answered in the affirmative. In *Bond* v. *Moore,* 236 Ill. 576, after considering the authorities upon the subject, it was held that where a testator devises a life estate in lands to his sole heir-at-law and the remainder limited to take effect upon the death of the life tenant is contingent, the reversion in fee descends to the heir-at-law pending the vesting of the remainder, and that a conveyance of the life estate and of the reversion in fee to the same person will operate to destroy the life estate, which becomes merged in the fee, and to defeat the contingent remainder, which no longer has a particular estate to support it. To the same effect are *Belding* v. *Parsons,* 258 Ill. 422, and *Barr* v. *Gardner,* 259 id. 256. These cases are decisive of the one now before us.

The decree of the circuit court is affirmed.

*Decree affirmed.*