FRANK L. SMITH, Plaintiff in Error, *vs.* FRANK B. CHES-
TER *et al.* Defendants in Error.

*Opinion filed April 20, 1916.*

1. WILLS—*classes of contingent remainders.* Contingent re-
mainders are generally divided into two classes, according as the
contingency relates to the uncertainty of the person who is to take
or the uncertainty of the event on which the right to take depends.

2. SAME—*general rule as to when the remainder is contingent.*
Where a devise by its terms is to a person for life with remainder
to such of .the children of that person as survive at his death the
remainder is contingent, for the reason that it cannot be ascer-
tained until the life tenant's death who will take the remainder.

3. SAME—*general rule where remainder is to life tenant's chil-
dren with a provision in case of their death without issue.* Where
a devise is by its terms to a person for life with remainder to his
children, and with the provision that should any of the children
die without issue the children surviving at the death of the testa-
tor shall take the share of such deceased children, the remainder
is vested.

4. SAME—*what uncertainty distinguishes a contingent remain-
der.* The uncertainty which distinguishes a contingent remainder
is not whether the remainder-men will ever enjoy the estate, but
whether there will ever be a right to such enjoyment.

5. SAME—*when a remainder is contingent.* A devise to the
nephew of the testatrix, Frank B. Chester, for the term of his
natural life, "remainder in fee to the children of said Frank B.
Chester or the survivor or survivors of them," creates a contin-
gent remainder to a class consisting of the children of the life ten-
ant who survive him, as the words "survivor or survivors of them"
modify the preceding word "children" and are incorporated into
the description of the remainder-men.

6. SAME—*when remainder is a contingent one with a double
aspect.* Where there is a devise to one for life with remainder to
his children or the survivor or survivors of them, but in case of
his death without issue surviving him, then to named persons,
share and share alike, and in case of the death of either of such
persons without issue the share of the one so dying to go to the
survivor or survivors of them, but in case the one so dying shall
leave children then such child or children to receive the parent's
share, the remainder is a contingent one with a double aspect.

7. REAL PROPERTY—*when purchaser of life estate and the re-
version obtains fee simple title.* Where the members of the class

who are to take the remainder at the life tenant's death cannot be ascertained until that event takes place, so that the remainder is contingent, and the life tenant and the owners of the reversion convey their interests to the same person, the life estate and the reversion merge in the purchaser, the contingent remainder is defeated, and the purchaser becomes the owner of the fee simple title.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

CHARLES S. DENEEN, C. J. AHERN, and H. E. TORRANCE, for plaintiff in error.

J. KENT GREENE, for defendant in error Frank B. Chester; STEVENS R. BAKER, and CYRIL A. BURNS, for infant defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error, Frank L. Smith, filed his bill in chancery in the circuit court of Livingston county to construe the will of Hannah E. Chester, deceased, and to quiet title in himself to two hundred acres of farm land situated in said county and described in the fourth clause of the will of said Hannah E. Chester hereinafter set out, and which had been conveyed to him by Frank B. Chester and others mentioned in the will of Hannah E. Chester. A guardian *ad litem* was appointed for certain minor defendants. All the defendants answered, and the cause being brought to issue, upon a hearing the trial court dismissed the bill of complaint for want of equity. The record has been brought to this court by writ of error to reverse said decree.

Hannah E. Chester died testate on January 10, 1885, leaving surviving her as her heirs-at-law three nephews, Frank B. Chester, William A. Chester and Chester A. Smith, and one niece, Carrie E. Smith, (now Turner,) all of whom survive and all were defendants to this proceeding. Her last will and testament was duly probated in the probate court of Livingston county and her estate was fully

administered. The land involved in this proceeding was devised by the fourth clause of her will, which is as follows:

"*Fourth*—I give and devise to my nephew Frank B. Chester an estate for and during the term only of his natural life, the southwest quarter of section one (1), in township thirty (30), range seven (7), east, third principal meridian; also the east part of the southeast quarter of section two (2), township thirty (30), north, range seven (7), east, third principal meridian. * * * The land here devised is the land occupied for years by Edward Bunting and known as the homestead, in Livingston county, Illinois. Remainder in fee to the children of said Frank B. Chester, or the survivor or survivors of them, but in case he dies without issue surviving him, then to his wife, Emma Chester, and my nephews, Chester A. Smith, William A. Chester, and my niece, Carrie E. Smith, share and share alike, and in case of the death of either of the last above named without issue, the share of the one so dying to go to the survivor or survivors of them, but in case the one so dying shall leave children, then such child or children to receive the parents' share."

The eighth clause of the will was the residuary clause, and was as follows:

"*Eighth*—I will and direct that my nephews, Frank B. Chester, William A. Chester and Chester A. Smith, and my niece, Carrie E. Smith, shall have all the rest, residue and remainder of my property, both real and personal, which may remain at my decease and not otherwise disposed of."

Emma Chester, mentioned in the fourth clause of the will, survives and is the wife of the defendant in error Frank B. Chester. At the date of the death of Hannah E. Chester, Frank B. Chester had one living child, Ella Chester, afterwards married to one Watkins. Subsequent to the death of Hannah E. Chester two children, Charles L. Chester and George F. Chester, were born to Frank B. Chester, and both survive. Ella Watkins has since died, leaving sur-

viving her husband, Warren Watkins, and one son, James
Watkins. William A. Chester, Chester A. Smith and Car-
rie E. Turner, (*nee* Smith,) each have children living.
James Watkins and certain children of William A. Chester
and Carrie E. Turner are minors and were represented on
the hearing by a guardian *ad litem.*

Prior to the beginning of the suit the life tenant, Frank
B. Chester, his wife joining, had conveyed by warranty deed
the premises described in the fourth clause of the will of
Hannah E. Chester to the plaintiff in error, Frank L. Smith.
At the same time the grantors executed and delivered an-
other deed conveying the same premises to the plaintiff in
error, which, after reciting the fact of the death of Han-
nah E. Chester, testate, and the substance of the fourth
clause and residuary clause of her said will, proceeds as
follows: "And whereas, the grantor herein, who is one
of said residuary devisees in said last mentioned residuary
clause named, is entitled to reversion in fee, as such devi-
see, in the premises hereinafter more particularly described
and conveyed, pending the vesting in interest or taking ef-
fect in possession of any contingent remainder, remainders
or future interests of any kind whatsoever devised in and by
the said fourth clause of said will, including any contingent
remainder or future interest devised in and by said fourth
clause to the grantor herein, Frank B. Chester; and where-
as, it is the purpose and desire of the grantor herein, Frank
B. Chester, to convey and warrant to the grantee herein
said reversion in fee in the premises hereinafter described
and devised to this grantor in and by said residuary clause
of the said will of Hannah E. Chester, deceased, to the end
that as and when the grantee hereinafter named shall have
acquired the life estate of the aforesaid Frank B. Chester,
he being the grantor herein, devised to him by the fourth
clause of said will, as aforesaid, the said life estate of the
said Frank B. Chester, the grantor herein, shall merge in
said reversion in fee and be extinguished and prematurely

destroyed and the grantee hereinafter mentioned be at once vested with a legal estate in fee simple in possession, free of any contingent remainder or remainders or other future interests created in and by the said fourth clause of the said will, including any such contingent remainder, remainders or future interests limited to the grantor, Frank B. Chester, and that such contingent remainder or remainders or other future interests may be wholly destroyed and held for naught: Now, therefore, the grantors, Frank B. Chester and Emma Chester, his wife, of Valparaiso, in the county of Porter, in the State of Indiana, for and in consideration of the premises and of the sum of one dollar in hand paid, the receipt of which is hereby acknowledged, convey and warrant to Frank L. Smith, of the village of Dwight, county of Livingston, in the State of Illinois, the said reversion in fee devised to the grantor herein, Frank B. Chester, in and by the eighth or residuary clause of the before mentioned will of Hannah E. Chester, in and to the following described real estate."

Chester A. Smith, William A. Chester and Carrie E. Turner, the other residuary devisees and heirs-at-law, being the same persons mentioned in clause 4 of the will, with their respective wives and husband, executed and delivered to plaintiff in error similar deeds, both the warranty and the additional conveyance containing the special recitals above set out. The two children of Frank B. Chester who were then of age, also by warranty deed conveyed the premises in question to Frank L. Smith.

Plaintiff in error alleged, among other things, in his bill of complaint, "that the fourth clause of said last will and testament devises an estate for life to the said Frank B. Chester and creates a contingent remainder in the children of Frank B. Chester who survive him, with the alternative that if he die without issue the said premises are to vest in his wife, Emma Chester, and the said Chester A. Smith, William A. Chester and Carrie E. Smith, (now Turner,)

or their issue if they be then deceased, and that the interest of those dying without issue vest in the survivor or survivors; and that by reason of the contingencies, as aforesaid, the reversion in fee was at the date of their conveyance to your orator vested in the said Frank B. Chester, William A. Chester, Chester A. Smith and Carrie E. Smith, (now Turner,) and by said conveyance became and was vested in your orator, and that upon the conveyance of the estate for life to your orator by the said Frank B. Chester the said estate for life merged in the fee in your orator and the said estate for life in Frank B. Chester terminated and your orator became and is the owner of said premises in fee simple absolute, thus defeating and destroying any interest in said premises, under the fourth clause of the last will and testament of Hannah E. Chester, in the children of said Frank B. Chester or their issue, in Emma Chester, Chester A. Smith, William A. Chester and Carrie E. Smith, (now Turner,) and their children who may survive them."

The lower court, by its decree construing the will, found that it was the intention of the testatrix to devise a life estate in the land described in the fourth clause of her will to Frank B. Chester and that the title to the remainder in fee vested in his children, "but not to the extent of giving either of said children such an estate as would pass by inheritance to his or her issue should the parent die before Frank B. Chester's demise, and to effectuate such intention and bar such inheritance during Frank's life the words of survivorship were inserted in the devise to said children and not for the purpose of postponing the vesting of the remainder in fee until Frank's death; and the word 'or' in the said clause should be read 'and' to effectuate the intention of the testatrix to create a vested remainder in Frank's children upon her death; * * * that the fourth item of the will of Hannah E. Chester created a remainder in fee in favor of a designated class, namely, the children of Frank B. Chester, and one of the class being *in esse* at the time

272 – 28

of testatrix's death, the remainder in fee vested in her, said Ella Chester, on the death of testatrix, but subject to being opened up to let in after-born children of said Frank B. Chester during his life; and that Charles L. Chester and George F. Chester, after-born children of Frank B. Chester, were so let in, but the interest of each of the three devisees became subject to being divested by his or her death prior to the father's demise, by reason of the words of survivorship inserted to bar the inheritance of the issue of any so dying before the decease of the life tenant; but such words of survivorship in the devise to Frank's children do not postpone the vesting of the remainder until the death of the life tenant, the law being that every testamentary remainder in fee supported by a life estate created by the same instrument shall be considered as vesting, upon the death of the testator, in the devisee then *in esse,* if there be one, unless it clearly appears from the will that the testator intended such remainder should not vest until a later period; that the estate of Ella Watkins (*nee* Chester) was divested by her death and her son takes nothing; that in the event of the death of all of the life tenant's children before his demise the remainder in fee will pass to the substituted devisees, Emma Chester, Charles A. Chester, William A. Chester and Carrie E. Turner, (*nee* Smith,) but the estate of any of the last three named devisees who may die, leaving issue, prior to the demise of Frank B. Chester will be qualified by the executory devise over to his or her children so surviving, and such executory devise to them, children of said deceased devisees, is indestructible by any conveyance of the parent in his or her lifetime."

Plaintiff in error contends that by the fourth clause of the will Frank B. Chester took a life estate in the lands described in said clause, and the remainder in fee being to those of his children who would survive him, with the alternative that if he left no issue such remainder should go to Emma Chester and the others named, the remainder thus

created was a contingent remainder with a double aspect; that by the deeds to plaintiff in error the life estate and the reversion in the land merged in him and he should have been decreed to be the owner in fee. The assignments of error necessitate passing upon this contention.

Defendants in error are the defendants to the bill of complaint, including the infant defendant James Watkins, grandson of the life tenant, Frank B. Chester, and the children of the nephews and niece of the testatrix other than Frank B. Chester. Counsel for defendants in error have argued to some extent that the words in the fourth clause, "or the survivor or survivors of them," refer to those children of Frank B. Chester who survive the testatrix,—not Frank B. Chester,—but no cross-errors have been assigned on the holding of the court in that regard, and from the language following, and the expressed intention of the testatrix as gathered from the whole clause and the entire will, we think that the court below properly held that the words "survivor or survivors" meant those of the children of Frank B. Chester who survived him. Where such intent clearly appears from the instrument it must be carried out by the courts notwithstanding the law favors the vesting of estates. (*Starr* v. *Willoughby*, 218 Ill. 485; *Ridgeway* v. *Underwood*, 67 id. 419.) The main question to be determined is whether the remainder devised to the children of Frank B. Chester was a vested or contingent remainder.

"Vested remainders, or remainders executed whereby a present interest passes to the party though to be enjoyed in future, are where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. Contingent or executory remainders, whereby no present interest passes, are where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect." (1 Cooley's Blackstone, 168.) Washburn, in

his work on Real Property, (vol. 2, 4th ed. p. 168,) defines a vested remainder as follows: "An estate is accordingly said to be vested in one in possession when there exists in his favor a right of present enjoyment. It is vested in interest when there is a present fixed right of future enjoyment." "The present capacity of taking effect in possession if the possession were now to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. By capacity, as thus applied, is not meant simply that there is a person *in esse* interested in the estate who has a natural capacity to take and hold the estate, but that there is further no intervening circumstance in the nature of a precedent condition which is to happen before such person can take, as, for instance, if the limitation be to A for life, remainder to B, B has a capacity to take this at any moment when A may die, but if it had been to A for life, remainder to B after the death of J. S., and J. S. is still alive, B can have no capacity to take till J. S. dies." "A contingent remainder is one whose vesting or taking effect in interest is by the terms of its creation made to depend upon some contingency which may never happen at all or may not happen within a requisite prescribed time, by reason whereof its capacity of vesting or taking effect in interest may be forever defeated." (Ibid. 559.)

Contingent remainders are generally divided into two classes, according as the contingency relates to the uncertainty of the person who is to take or the uncertainty of the event. "The chief characteristic which distinguishes a vested from a contingent remainder is the principal capacity to take effect in possession should the possession become vacant, and the certainty that the event upon which the vacancy depends will happen some time, and not upon the certainty that it will happen or the possession become vacant during the lifetime of the remainder-man. In the case of

a vested remainder there is a person in being ascertained and ready to take, who has a present right of future enjoyment which is not dependent upon any uncertain event or contingency, while in the case of a contingent remainder the right itself is uncertain. The uncertainty, therefore, which distinguishes a contingent remainder is the uncertainty of the right and not of the actual enjoyment, for in this regard any remainder may be said to be uncertain, as the remainder-man may die without heirs before the termination of the particular estate." (40 Cyc. 1664.)

The difference between vested and contingent remainders, as stated in Gray's Rule Against Perpetuities, (sec. 108,) is as follows: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of or into the gift to the remainder-man then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death, but on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." This rule is cited with approval in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, and *Brechbeller* v. *Wilson,* 228 id. 502, and has been followed in this State.

Where a devise by its terms is to a person for life with a remainder to such of the children of that person as survive at his death the remainder is contingent, for the reason that it cannot be ascertained until the death of the life tenant who takes the remainder. (*Furnish* v. *Rogers,* 154 Ill. 569; *Golladay* v. *Knock,* 235 id. 412; *City of Peoria* v. *Darst,* 101 id. 609; *Hill* v. *Hill,* 264 id. 219; *Kleinhans* v. *Kleinhans,* 253 id. 620; *Thompson* v. *Adams,* 205 id. 552.) On the other hand, where the devise by its terms is to a person for life, remainder to the children of such per-

son, with the provision that should any of said children die without issue the children surviving at the death of the testator shall take the share of such deceased children, the remainder in such case has been held to be a vested remainder, as there is always someone ready to take when the life estate is determined. (*Lachenmyer* v. *Gehlbach, supra; Hinrichsen* v. *Hinrichsen,* 172 Ill. 462; *Northern Trust Co.* v. *Wheaton,* 249 id. 606; *Smith* v. *West,* 103 id. 332; *Ducker* v. *Burnham,* 146 id. 9.) As said in the case last cited, on page 25 of the opinion: "If the effect of the sixth clause is to limit the remainder to such of the children named as should survive their mother, then the remainder is unquestionably contingent. But there are here no words or phrases of contingency which can be said to constitute a condition precedent, such as, 'if they shall be living at her death,' or 'to such of them as shall be living.' Under the construction already given to the fifth and sixth clauses, there is a direct gift of all the property after the life estate previously carved out. The devise is not made upon the contingency of survivorship, but in the fifth clause as interpreted by the application thereto of the testator's words, 'the portions above given him or her,' the devise is made to the devisees by name, and the condition appears only in a subsequent clause and after words which have already given a vested interest. The devise is in fee to the five children, subject to be divested upon a condition subsequent, and therefore they took a vested remainder." Again, on page 26 it is said: "Whether a limitation creates a vested or contingent remainder may depend upon the intent of the testator as well as upon the conditions of its taking effect. Where the devise is to the testator's wife for life and at her death to such of his children as shall then be living, the benefit does not purport to be conferred on the children as children or individuals named, but as survivors, which indicates that an immediate vesting is not intended. But where the devise is to the wife for life with remainder to

certain named children, and with a subsequent provision that if any of such named children die before the wife then the property is to be equally divided between the survivors, the devise of the remainder is to certain definitely specified and named indivduals, who, as remainder-men, already answer to the description by which they are to take, 'and there is no obstacle to supposing an immediate vesting to have been intended.'—4 Kent's Com. (13th ed.) marg. page 203, note 1, and cases cited."

In *Smith* v. *West, supra,* the exact language in the instrument (in that case a deed) creating the life estate and remainder is not set out, but the court holds that under the deed to Mrs. West conveying a life estate to her and the remainder to the children of her body, or to such as might be living at her death, or to the descendants of anyone that might be then deceased, the remainder was vested, for the reason, as stated by the court on page 337 of the opinion: "When a conveyance of the particular estate is made to support a remainder over, the tenant for the particular estate takes it, and if the remainder-man is in being he takes the fee. In such a case the remainder is not contingent as to its becoming a vested remainder, because the title vests in the remainder-man on the delivery of the deed. The title thus vested becomes an estate of inheritance, and in case the remainder-man dies before the previous estate is expended the title passes to his heirs unless the deed directs otherwise." The decision in the *West case* is more in point with the cases of *Boatman* v. *Boatman,* 198 Ill. 414, and *Chapin* v. *Nott,* 203 id. 341, which were overruled by *Golladay* v. *Knock, supra.*

In the case at bar it is very clear that, in effect, the devise of the remainder is to such of the children of Frank B. Chester as shall be living at the time of his death, and the court below so found. Using the words literally, as making a devise to the children of Frank B. Chester or the children of Frank B. Chester who survive him, the devise is

contradictory if the children of Frank B. Chester are one class of persons and the children who survive him are different individuals. A devise of a remainder to A or B, being to separate and distinct persons, could not stand for indefiniteness and would be void. The children of Frank B. Chester who survive him would be his children whether they were in being at the time the will took effect at the decease of the testator or only such as survived him. In fact, in this case they were different persons, as he had a child living at the time the will was made and at the time the testatrix died but which died during his lifetime, and there are now living two children who were born subsequently to the death of the testatrix and who may be living at the time of his death or who may not. The remainder in the case at bar was a remainder in interest. While it is true there was a child of Frank B. Chester living at the time the will was made and at the time of the death of the testatrix, such child was not necessarily one in whom the remainder would vest, as such remainder could only vest in such children as survive Frank B. Chester. The words of the will devising the remainder consist of a single clause, "remainder in fee to the children of said Frank B. Chester or the survivor or survivors of them." The words "survivor or survivors of them" are descriptive of the preceding word "children," and modify the meaning of that word as a class and confine such word in its meaning to certain ones of that class. The words "survivor or survivors of them" are incorporated into the description of the remainder-men, and cannot be given the effect of a clause subsequent divesting a vested estate. One rule which has been cited with approval in distinguishing a vested from a contingent remainder is as follows: The uncertainty which distinguishes a contingent remainder is not whether the remainder-men will ever enjoy it, but whether there will ever be a right to such enjoyment. (*Harvard College* v. *Balch,* 171 Ill. 275; *Carter* v. *Carter,* 234 id. 507; *Hawkins*

v. *Bohling,* 168 id. 214; *Hinrichsen* v. *Hinrichsen, supra; Ducker* v. *Burnham, supra.*) Tested by this rule, it will be seen that whether there would be anyone who would have the right to enjoy this remainder would depend upon the contingency of there being children of Frank B. Chester living at the time of his death as a condition precedent to taking such remainder. In *Haward* v. *Peavey,* 128 Ill. 430, it is said on page 439 of the opinion: "A remainder is said to be vested where a present interest passes to a party to be enjoyed in the future, so that the estate is invariably fixed in a determinate person after the particular estate terminates, while a contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. (2 Blackstone's Com. 168.) This definition is adopted, in substance, by all the text writers and is sufficiently accurate. But it does not necessarily follow that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The condition may be precedent or subsequent. If the former, the remainder cannot vest until that which is contingent has happened and thereby become certain. If the latter, the estate vests immediately, subject to be defeated by the happening of the condition. (*Bromfield* v. *Crowder,* 1 Bos. & Pul. 313; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Manice* v. *Manice,* 43 N. Y. 380; Washburn on Real Property,— 4th ed.—579.) It is plain that in the present case the estate devised was, so far as Robert Haward was concerned, subject to a contingency, viz., his being alive at the time the particular estate should be determined by the death or re-marriage of the widow. Whether this contingency constituted a condition precedent or subsequent must be determined by the language of the will." The following cases are cited in the foregoing opinion in support of the conclusion that was reached therein: *Olney* v. *Hull,* 21 Pick. 311, *Thomson* v. *Ludington,* 104 Mass. 193, and *Nash* v. *Nash,* 12 Allen, 345.

In *Spengler* v. *Kuhn,* 212 Ill. 186, it was held that a will providing that upon the death or re-marriage of the widow the trust in her favor shall cease and the trust property remaining shall "thereupon go to and the title to the real estate become vested" in the surviving children and in the descendants of any children who have died in the meantime, creates a remainder contingent upon survival at the termination of the trust. It was further said, on page 193 of the opinion: "If those upon whom the will then devolves the title could be determined at the time of the death of the testator, their right to the estate would be deemed vested in right to take effect in possession at the termination of the trust. If the persons to take be dubious and cannot be known until the title in the trustee becomes extinct, then the right and title are contingent and not vested. Courts incline to a construction that will declare the right and title to be vested, and will so hold unless a contrary intention appears in the will. The will here involved provides the title in the trustee shall become extinct when the widow, Katharina, shall re-marry or die. The will declares that upon the re-marriage or death of Katharina 'the trust estate hereby created shall at once cease, and the trust property shall thereupon go to and the title to the real estate become vested in my children, * * * share and share alike, and if, in the meanwhile, any or more of my children shall have died leaving a descendant or descendants, said deceased child's share shall go to his or her issue, descendant or descendants.' The investiture of title is plainly to occur when the trust has been determined, either by the re-marriage or death of the *cestui que trust.* The persons to take are such of the children of the testator as are then alive, and the descendant or descendants of such, if any, of said children who have died. The estate did not vest in the children of the testator at his death, for the reason it could not then be known that any child of his would survive the termination of the trust and become entitled to take.

The testator plainly manifested an intention that those to take should be determined at the time of the expiration of the trust, and there is no legal impediment to the consummation of his intent."

It will thus be seen from all these decisions that the intent of the testator as expressed in the language of the will must be taken into consideration, and, in fact, the cardinal rule in the construction of wills, as has been universally held, is to ascertain the intent of the testator from the language used. (*Morrison* v. *Tyler*, 266 Ill. 308, and cases cited.) It would seem tolerably clear from the fact that the testatrix, in the will under consideration, provided, first, that the remainder in fee in the land in controversy should go to the survivors of the children of Frank B. Chester, that it was her intention to make their survivorship a condition precedent as to their taking; and the further provision as to whom this remainder should go in the event Frank B. Chester died without leaving issue (children) emphasizes the expressed intention of the testatrix that it was only the surviving children of Frank B. Chester, if any, that would take this remainder in fee. In *Thompson* v. *Adams, supra,* the fourth clause in the will of the testator, George Adams, was as follows: "And upon the death of my said wife, Elizabeth Adams, while she remains my widow, then and in that event it is my will, and I hereby order and direct, that my said estate, both real and personal, then remaining be then equally divided between my said two daughters, Elizabeth Rebecca Adams and Emma Matilda Thompson, wife of said Charles Francis Thompson, or the survivor of them, their heirs and legal representatives, share and share alike." In construing this clause this court, in an opinion by Mr. Justice Scott, said: "'A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event.—2 Blackstone's Com. 168.' (*Haward* v. *Peavey*, 128 Ill. 430.) So far as the devise of the remainder is concerned, which is to take

effect upon the re-marriage of the widow, it is a remainder which is to take effect upon a dubious and uncertain event, because the widow may not re-marry. So far as the remainder is concerned, which is devised to take effect upon her death, it is to 'dubious and uncertain persons.' If the daughters survive the mother they become entitled to the estate. Their title is conditional upon their being alive at the time of their mother's decease. The title of the grandchild now *in esse,* together with any others that may be born, is conditional upon the grandchild surviving the parent, upon that parent not surviving the grandparent, and upon the grandparent dying without re-marrying. There is another view to be taken of the matter. It will be observed that the will contains no words devising or bequeathing property to any of the descendants of the testator, except words directing distribution to them upon the re-marriage or death of the widow. This is an indication that the testator did not intend the title to the property in remainder to vest until the death or re-marriage of the widow. (*Ebey v. Adams,* 135 Ill. 80.) In *Haward* v. *Peavey, supra,* the testator devised his estate to his executor in trust for the use of his widow so long as she should live and remain unmarried, with remainder to such of his children as should be alive at the time of the widow's death or re-marriage, or to the lawful issue of such of them as might be dead leaving such issue. It was held that the estate devised to the children was a contingent remainder, because a child would not take unless he or she were alive at the time of the death or re-marriage of the widow. We regard that case as decisive of this question."

We are not unmindful of the rule that in cases of doubt or ambiguity in the language used in creating a remainder a construction is favored that will make the remainder a vested one, but such rule must give way to the intention of the testatrix as expressed in the will. The reason for such rule was to prevent the exclusion of property from the nat-

ural laws of descent and to permit and promote the unrestricted alienation of property, and not leave it tied up for long periods, awaiting the happening of some contingency far in the future. The purpose of and reason for such rule wholly fail in this case, for while, under the decree of the trial court, the remainder is found to be vested in the child of Frank B. Chester living at the death of the testatrix, the decree also finds that such estate in remainder was divested by the death of such child before the death of the life tenant, notwithstanding such child left a child and heir. There is no reason for applying the rule in this case.

Under the accepted definitions of a vested remainder, can it be said that at the time the devise creating the remainder went into effect there was a remainder-man in being capable of taking the remainder? Manifestly not, as such remainder-man must be a child of Frank B. Chester who would be living at the time of his death. By construing the clause as devising the remainder to the children of Frank B. Chester, but only to such children as survive him, effect could be given to all the language used by the testatrix. In the case of *Lachenmyer* v. *Gehlbach, supra,* it was held that where a life estate is devised to the testator's wife, and after her death the land is to go to the testator's children, "share and share alike, and shall any of my children die, then the children of such deceased child, should any children be surviving such deceased child, to take the share of the parent so deceased, and should any of my children die leaving no issue then the share of such deceased child shall be equally divided among my surviving children," the testator's children take a vested remainder, which is subject to the executory devises over during the lifetime of the life tenant. But, as was expressly pointed out on page 22 of the opinion, "there is nothing in the context which could prevent holding the remainder in the children to be vested, since there is nothing from which it can be implied that they must survive the life tenant." What was there said

cannot be said of the will in the case at bar. We think that the clear intent of the testatrix as gathered from all the language of the will,—and, after all, that is the leading rule to be observed in construing wills,—was to devise a life estate in the land in controversy to Frank B. Chester, with a remainder in fee to such of his children as survived him and only such as survived him, and in case he left no children him surviving, (construing the word "issue" as children,) then the remainder was to go to his wife and the nephews and niece of the testatrix as named, with an executory devise over to such of the latter as survived Frank B. Chester, in case they died before him, leaving no issue (children). The remainder was a contingent remainder with a double aspect, to be determined upon the death of the life tenant, Frank B. Chester. The reversion in the land was in the nephews and niece of the testatrix, who were her heirs-at-law and who were also named as the residuary devisees in her will. The particular estate supporting the contingent remainder came to an end before the happening of the event upon which such remainder was to take effect, and it was defeated. By reason of the deed of the life estate and of the reversion in the land to plaintiff in error, the life estate and reversion merged in plaintiff in error and he became the owner in fee simple. *Messer* v. *Baldwin,* 262 Ill. 48; *Barr* v. *Gardner,* 259 id. 256; *Belding* v. *Parsons,* 258 id. 422; *Bond* v. *Moore,* 236 id. 576.

The decree of the circuit court of Livingston county will be reversed and the cause remanded to that court, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*