(No. 13523.—Reversed and remanded.)

CHARLES W. CALVERT *et al.* Defendants in Error, *vs.* CONSTANCE BRIGGS CALVERT *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. WILLS—*general rule as to when future interest is vested.* A future interest must necessarily await the determination of the preceding estate, but if it is always ready throughout its existence to turn into a present estate in possession, whenever and however the preceding estate is determined, it is vested though it can only take effect in possession at a future period.

2. SAME—*estate may be vested though there is a condition subsequent for divesting it.* Neither the fact that the enjoyment of the remainder is postponed to let in an estate for life nor that a condition subsequent exists, upon the happening of which the estate will be divested, will operate to make the remainder contingent.

3. SAME—*what uncertainty characterizes a contingent remainder.* The uncertainty which characterizes a contingent remainder is not the uncertainty as to whether the remainder-men will enjoy the estate but whether there will be a right to such enjoyment.

4. SAME—*a devise of a fee precludes any remainder—executory interest.* A devise of a fee precludes any remainder, and where land is devised to a certain person for life with remainder to her children, and if she dies leaving no child or descendants of a child "then such remainder shall vest" in her brothers and sisters and their legal heirs, the limitation to the brothers and sisters and their legal heirs is not a remainder but is an indestructible future executory interest, which, on the happening of the contingent event, will arise in abridgment of the remainder by its own strength. (*Furnish* v. *Rogers,* 154 Ill. 569, and *Golladay* v. *Knock,* 235 id. 412, distinguished.)

5. SAME—*devise of remainder to an unborn person is contingent until birth of the devisee.* A devise of a remainder to an unborn person is necessarily contingent until the birth of the devisee, and until then it is destructible under the law of merger of the life estate and the reversion, but upon the birth of the devisee the remainder becomes vested and is not destructible.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

.P. M. MOORE, for plaintiffs in error.

W. W. REEVES, and W. THOMAS COLEMAN, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles W. Calvert, of Douglas county, died on December 30, 1891, leaving a last will and testament, executed on December 28, 1891. He left surviving him his widow, Samantha E. Calvert, and his two daughters, Estella A. Calvert, twenty years old, and Martha E. Calvert, (now Martha E. Bramblett,) then seventeen years old, and his two sons, Charles W. Calvert, Jr., fourteen years of age, and Henley A. Calvert, twelve years old. On January 24, 1920, the defendants in error, Charles W. Calvert, Jr., and Henley A. Calvert, filed their bill in the circuit court of Douglas county against Martha E. Bramblett, Helen Smith, daughter of Martha E. Bramblett, Constance Briggs Calvert, daughter of Charles W. Calvert, Jr., and Roselyn Smith and Louise Smith, children of Helen Smith, alleging that under the will of Charles W. Calvert, Sr., deceased, contingent remainders were created to the children and descendants of life tenants and the reversion in fee descended to the heirs and the contingent remainders had been destroyed by conveyances. The prayer was for partition of three 80-acre tracts of land. Martha E. Bramblett and her husband, Lewis W. Bramblett, entered their appearance and answered, admitting every allegation of the bill. Other defendants were served by publication and defaulted, except Constance Briggs Calvert, Roselyn Smith and Louise Smith, infants, for whom a guardian *ad litem* was appointed, who answered the bill. The issues were referred to the master in chancery to take and report the evidence and his conclusions. He took the evidence and returned the same with his conclusion that the remainders were contingent and had been destroyed, and recommending parti-

tion accordingly. The chancellor overruled exceptions of the guardian *ad litem* and entered a decree in accordance with his conclusion and recommendation.

By his will Charles W. Calvert gave all his estate, real and personal, after the payment of debts and funeral expenses, to his wife, Samantha E. Calvert, with this condition: "But upon the express condition that she shall, after she shall have received enough money from my personal estate for that purpose, purchase four 80-acre tracts of land in her own name. As soon as practicable after the purchase of said four 80-acre tracts of land, as aforesaid, the said Samantha E. Calvert shall, by good and sufficient warranty deed, convey one of said tracts of land with a perfect title, free from all liens and incumbrances, to our daughter Estella A. Calvert during the period of her natural life, with the remainder to her children. If, however, she dies leaving no child or children or descendant or descendants of a child or children, then such remainder shall vest in the brothers and sister of the said Estella A. Calvert and their legal heirs." The will contained the same identical provision for conveyances of 80-acre tracts to Martha E. Calvert, Charles W. Calvert, Jr., and Henley A. Calvert. The widow, Samantha E. Calvert, purchased four 80-acre tracts and conveyed one tract to each of the four children, each deed containing the same provision. The following is a copy of that provision as contained in the deed to Martha E. Calvert:

"Subject to and limited by the provisions of the last will and testament of Charles W. Calvert, deceased, late of said county. To have and to hold the above described real estate unto the said Martha E. Calvert for and during the period of her natural life, with the remainder to her children; provided, however, that if the said Martha E. Calvert shall die leaving surviving her no child or children nor descendant or descendants of any such child or children, then such remainder shall vest in the brothers and

sisters of said Martha E. Calvert and their legal heirs, according to the terms and provisions of said last will and testament. It is hereby agreed by and between both parties hereto that the said Martha E. Calvert accepts deed and conveyance of the real estate above described upon the conditions and limitations herein above expressed, in full settlement of and for the devise made in her favor by the terms and provisions of the said last will and testament."

The widow, Samantha E. Calvert, died on October 27, 1908, and Estella A. Calvert died in the year 1905, leaving a child surviving her, and the land conveyed to her is not involved in this suit.

On November 28, 1919, Charles W. Calvert, Jr., Henley A. Calvert and Martha E. Bramblett made a deed of the three tracts of land conveyed to them separately to Albert W. Wallace, reciting by way of preamble the provisions of the will and the conveyances in pursuance of it and an intention to convey the life estate of each of the grantors with the reversion in fee, so that the life estate of each should merge in the fee and contingent future interests be destroyed. On December 9, 1919, Wallace executed a special warranty deed conveying the three tracts of land to Martha E. Bramblett, Henley A. Calvert and Charles W. Calvert, Jr. Thereupon the bill for partition was filed.

The controversy is whether the remainders limited to the children of Martha E. Bramblett, Charles W. Calvert, Jr., and Henley A. Calvert were contingent and destructible by the merger of the life estates with a reversion in the heirs-at-law. The rule concerning vested remainders has been often declared and has been settled beyond controversy. Wherever there is a present fixed right of future enjoyment, so that the remainder stands ready at all times to take effect in possession whenever and however the preceding estate comes to an end, the remainder is vested. A future interest must necessarily await the determination

of the preceding estate, but if it is always ready through-
out its existence to turn into a present estate in possession
whenever and however the preceding estate is determined,
it is vested though it can only take effect in possession at
a future period. (*Siddons* v. *Cockrell,* 131 Ill. 653; *Ducker*
v. *Burnham,* 146 id. 9; *Pingrey* v. *Rulon,* 246 id. 109;
*Brown* v. *Brown,* 247 id. 528; Kales on Future Inter-
ests,—2d ed.—sec. 29; Williams on Real Property, 345;
23 R. C. L. 506.) The uncertainty which distinguishes a
contingent remainder is not the uncertainty whether the re-
mainder-man will ever enjoy it, but the uncertainty whether
there ever will be a right to such enjoyment. The present
capacity to take effect in possession if the possession were
to become vacant by the termination of the preceding es-
tate, either prematurely or by the death of the life tenant,
fixes the character of a remainder as vested. (*Lachenmyer*
v. *Gehlbach,* 266 Ill. 11.) Neither the fact that the enjoy-
ment of the remainder is postponed to let in an estate for
life nor that a condition subsequent exists, as in this case,
upon the happening of which the estate will be divested,
will operate to make the remainder contingent. (*Hinrich-
sen* v. *Hinrichsen,* 172 Ill. 462.) An estate may be vested
although there is a subsequent condition upon the happen-
ing of which it will be divested. (*Northern Trust Co.* v.
*Wheaton,* 249 Ill. 606.) The limitation over in the will of
Charles W. Calvert, Sr., in case the life tenant should die
without children or descendants is a future executory in-
terest, which on the happening of the contingent event will
arise in abridgment of the vested remainders by its own
strength and is not a remainder and is indestructible. A
devise of a fee simple precludes any remainder, and the
limitation over can only take effect as an executory future
interest. (*Hickox* v. *Klaholt,* 291 Ill. 544.) If there is a
devise of a remainder to an unborn person it is necessarily
contingent until the birth of such person, because the event
may happen before or after the termination of the preced-

ing estate, and it is destructible pending the contingency by a merger of the life estate in the reversion in fee. Henley A. Calvert, who was twelve years old when the will took effect, had no child at the time of the interchange of the deeds between the three heirs-at-law and Wallace, and the contingent remainder to his children was destructible by the merger of the life estate with the reversion. But that is not the case as to the children of Martha E. Bramblett and Charles W. Calvert, Jr. Such a remainder is contingent only until the person to whom it is limited comes into being, when the remainder is vested.

The cases relied upon to sustain the decree are not nearly enough related to the question involved to require comment, except *Furnish* v. *Rogers,* 154 Ill. 569, and *Golladay* v. *Knock,* 235 id. 412. In *Furnish* v. *Rogers* there was a demise to Jessie Starkweather of lots and land in DeKalb county, which should go to her children should she marry but if she should die childless the property was to be divided among others. She had a child, whose guardian applied to the court for a construction of the will and to sell the property subject to the devise. The court said that the estate did not vest in the children as an absolute fee simple title until the death of Jessie because of the further provision for a division among others whose estate was contingent upon the death of Jessie without a surviving child or children or descendants, and that there was a concurrent contingent remainder with a double aspect to be determined immediately upon the death of Jessie, as at that moment it would vest in her child or children or descendants or in the other grand-nieces and nephews, and that this was not a limitation of a fee after a fee but two contingent remainders in fee. The conclusion was that the child had no interest that could be sold by her guardian, and if the decision can be approved it must rest upon the peculiar language employed in the will, from which the court derived an intention that there should be two con-

tingent remainders so limited that one could be substituted for the other. In *Golladay* v. *Knock* the decision in *Furnish* v. *Rogers* was approved, but the question in the case was whether a remainder to Moses Golladay was vested or contingent. The devise was to the testator's wife and to her children after her death, and if the wife did not have children that would live to inherit the real estate, then at the death of the wife and her children the estate was to fall to Moses Golladay and his heirs. The remainder there was to such children of the life tenant as survived her, and if none, then to Moses and his heirs. The wife died without children surviving her and Moses died leaving heirs, one of whom conveyed by warranty deed and afterward died before the death of the life tenant. The decision does not support the decree in this case, because the devise was to children who would live to inherit the real estate.

The deed to Wallace did not purport to convey future executory interests but only the life estates and the reversion in fee. Whether the executory interests would ever take effect was unknown, and it was evidently not intended to convey such interests if they could be conveyed. If they could be conveyed and the deed was so intended it would not authorize a partition.

The decree is reversed and the cause remanded, with directions to dismiss the bill as to the tracts of land conveyed to Martha E. Bramblett and Charles W. Calvert, and for any further proceedings that may not be inconsistent with this opinion.

*Reversed and remanded, with directions.*